IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-259-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>ANITA LOUISE JACKSON, )<br><br>Defendant. ) | **ORDER** |

On February 24, 2023, the court entered a restraining order under the All Writs Act, 28 U.S.C. § 1651, concerning Anita Louise Jackson's ("Jackson" or "defendant") real and personal property subject to enforcement under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq., for payment of her anticipated restitution [D.E. 145]. On June 16, 2023, the court entered a criminal judgment against Jackson [D.E. 211]. On September 8, 2023, the court granted the government's motion for restitution totaling $5,726,218.26 [D.E. 228, 230], and entered an amended judgment reflecting the same [D.E. 231]. On January 15, 2026, the court modified the restraining order to allow the government to "pursue any and all remedies allowed by law to enforce against any and all property upon which [Jackson] has a non-exempt interest" [D.E. 256]. On January 30, 2026, Jackson objected pro se to modification [D.E. 271]. The government replied [D.E. 278], and applied for a writ of execution against Jackson's three real properties [D.E. 255] and writs of garnishment against Jackson's non-exempt interests in certain financial accounts, insurance policies, and rights to payment [D.E. 254, 258, 260, 261, 262, 264, 285, 286]. On March 9 and 24, 2026, Jackson moved pro se for an enforcement stay, a hearing in a different venue on the pending writs, and appointment of counsel [D.E. 284, 292, 293]. On April 17, 2026, the

government responded in opposition [D.E. 298]. As explained below, the court overrules Jackson's objection and denies Jackson's pending motions.

Jackson objects to modifying the court's restraining order to allow the government to collect her restitution beyond amounts she pays through the Inmate Financial Responsibility Program ("IFRP") or of any assets which Jackson does not solely own. See [D.E. 271] 1–4. But "allowing the government to collect [Jackson's] restitution judgment through garnishment does not violate" a periodic payment plan. United States v. Krol, No. 5:15-CR-292, 2018 WL 1792129, at *5 (E.D.N.C. Apr. 16, 2018) (unpublished). Moreover, the government's writs of execution only concern real property which Jackson solely owns, and the government "seeks entry of a final order of garnishment only as to accounts" which Jackson solely owns. [D.E. 298] 37; see id. at 25–34; [D.E. 298-2 to 298-7, 298-12]. In September 2023, the court ordered Jackson to pay "in full immediately" more than $5.7 million in restitution. [D.E. 231] 5–6; see [D.E. 228, 230]. Jackson has paid only $2,557 thus far through regular IFRP payments. See [D.E. 298] 4, 18. The government need not wait to collect court-ordered restitution simply because Jackson makes regular IFRP payments. Thus, the court overrules Jackson's objection.

As for Jackson's request to stay all enforcement activity and hold a hearing, her arguments lack merit for the reasons discussed in the government's memorandum. See [D.E. 298] 1–40; [D.E. 298-2 to 298-14]. The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A, mandated restitution for Jackson's crimes. See 18 U.S.C. § 3663A(a)(1). The Federal Debt Collection Procedures Act permits "writ[s] of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor," 28 U.S.C. § 3205(a), and writs of execution against "[a]ll property in which

2

the judgment debtor has a substantial nonexempt interest." Id. § 3203(a)–(c). Jackson has not made any colorable objection to the government's writs of execution or applications for writs of garnishment under the listed statutory exemptions. See, e.g., United States v. Jennings, 755 F. Supp. 3d 922, 926–30 (E.D.N.C. 2024); United States v. Umstead, No. 1:04-CR-208, 2020 WL 5913427, at *2 (M.D.N.C. Sept. 1, 2020) (unpublished), report and recommendation adopted, 2020 WL 5913164 (M.D.N.C. Oct. 6, 2020) (unpublished). Thus, the court denies her requests for a stay and hearing, and denies as moot her request to hold such hearing in a different venue.

As for Jackson's request for appointment of counsel, the collection mechanisms she contests are civil in nature and collateral to the underlying criminal conviction. See [D.E. 298] 17–18, 40 & n.5; United States v. Krol, No. 5:15-CR-292, 2017 WL 11956501, at *1 (E.D.N.C. Oct. 26, 2017) (unpublished); Umstead, 2020 WL 5913427, at *3 (collecting cases); see also United States v. Kollintzas, 501 F.3d 796, 800 (7th Cir. 2007); United States v. Timilty, 148 F.3d 1, 3 (1st Cir. 1998). Jackson is not entitled to counsel in civil matters, and the court finds no exceptional circumstances justifying such appointment. See, e.g., Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Umstead, 2020 WL 5913427, at *3. Thus, the court denies her request for appointment of counsel.

In sum, the court OVERRULES defendant's emergency objection to the government's motion to modify the February 24, 2023 restraining order [D.E. 271], DENIES defendant's motion to stay enforcement and various writs of execution [D.E. 284], DENIES defendant's objection to all writs of garnishment, request for hearing and change of venue, and motion to stay all writs of garnishment [D.E. 292], and DENIES defendant's emergency motion to stay enforcement and various writs of garnishment [D.E. 293].

3

SO ORDERED. This 27 day of May, 2026.

4 - Dever
JAMES C. DEVER III
United States District Judge

4